UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LANCE WALTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04876-JPH-DLP |
| | ) |
| OFFICER SIMMONS, *et al.* | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Lance Walters is an inmate at Putnamville Correctional Facility. Because Mr. Walters is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

The complaint describes an incident that occurred while Mr. Walters was imprisoned at Plainfield Correctional Facility in 2017. On October 26, 2017,[1] Mr. Walters began experiencing chest pains and dizziness. He told Officer Simmons and Sergeant Sutton about his condition and asked them to get someone to push him to the medical department in his wheelchair. Officer Simmons and Sergeant Sutton told Mr. Walters they thought he was faking. They did not call for medical assistance or take any steps to get Mr. Walters to the medical department.

Eventually, Mr. Walters found another inmate to push him to the medical department. Nurse Toni Jordan also told Mr. Walters that she thought he was faking. However, a diagnostic test revealed that Mr. Walters was experiencing a dangerous heart condition. Even so, Nurse Jordan did not take immediate action to treat Mr. Walters' condition. Instead, she told him he would have to wait until the on-call nurse permitted her to give him medication or call 911.

Some time later, a member of the prison staff called 911. An ambulance took Mr. Walters to the emergency room, where he underwent a heart procedure. Mr. Walters filed several grievances regarding this episode, but no one took any action against the staff members involved.

## III. Discussion of Claims

The action **shall proceed** with Eighth Amendment claims against Officer Simmons, Sergeant Sutton, and Nurse Jordan pursuant to 42 U.S.C. § 1983. These claims shall be based on the theory that these defendants were deliberately indifferent to Mr. Walters' serious medical condition.

---

[1] Mr. Walters originally brought this claim in a different action, No. 2:19-cv-00415-JPH-DLP. Mr. Walters filed his complaint in that case on August 27, 2019. The Court severed this claim from that action and directed that it be brought in a separate case.

Claims against Stanley Knight, Rachael Houghton, Charles Penfold, and Raymond Kinneson are **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Walters does not allege that these defendants were involved in denying or delaying his access to medical care. He alleges only that they failed to take action in response to grievances he filed after the incident. It is well-settled that denying an inmate's grievance or refusing to investigate an incident after the fact does not, by itself, amount to a constitutional violation. *See e.g.*, *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (dismissing the "contention that any public employee who knows (or should know) about a wrong must do something to fix it"); *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

### IV. Conclusion and Issuance of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the Defendants (1) Officer Simmons, (2) Sergeant Sutton, and (3) Nurse Toni Jordan in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed to add** Nurse Toni Jordan as a defendant on the docket and to **terminate** Stanley Knight, Rachael Houghton, Charles Penfold, and Raymond Kinneson as defendants.

The claims discussed in Part III are the only claims the Court has identified in the complaint relating to Mr. Walters' treatment for chest pain. The Court has addressed all other ascertainable

claims in other proceedings. If Mr. Walters believes the complaint sets forth additional claims regarding his treatment for chest pain, he shall have **through April 2, 2020**, to notify the Court.

**SO ORDERED.**

Date: 3/4/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LANCE WALTERS
103746
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391

Toni Jordan
Nurse
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135

Electronic service to Indiana Department of Correction employees at Putnamville Correctional Facility:

    Officer Simmons
    Sergeant Sutton

Courtesy copy to:

    Douglass R. Bitner
    Katz Korin Cunningham, P. C.
    The Emelie Building
    334 North Senate Avenue
    Indianapolis, IN 46204